**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 99-cr-544 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| ROY MOSLEY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons stated below, Defendant's motion for modification or reduction of sentence [504] is denied. Defendant's motion for disposition [516] and motion for an order directing the government to provide a response [517] are dismissed as moot.

**STATEMENT**

Roy Mosley ("Defendant") pleaded guilty to possession with intent to distribute cocaine, and on December 5, 2002 was sentenced to 360 months in prison. (Dkt. # 300.) Defendant now moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). (Dkt. # 504.) Based on the mistaken belief that the government had failed to respond to his motion by the relevant deadline, Defendant also filed a "motion for disposition" asking the Court to rule on his purportedly unopposed motion for sentence reduction. (Dkt. # 516.) Apparently realizing his mistake a few days later, Defendant then filed another motion asking that the Court order the government to provide him with a copy of the government's response. (Dkt. # 517.)

Under 18 U.S.C. § 3582(c), a court may not modify a term of imprisonment after final judgment unless one of two exceptions apply: (1) the Director of the Bureau of Prisons moves

for a reduction of sentence or modification is expressly permitted by statute or by Federal Rule of Criminal Procedure 35; or (2) the sentence was based on a sentencing range subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o). Defendant moves for a reduction of his sentence based on the second of these exceptions. 28 U.S.C. § 994(o)-(p) authorizes the Sentencing Commission to periodically revise the sentencing guidelines and submit such revisions to Congress for approval. Where it exercises this power to revise the guidelines for a particular class of offense, the Sentencing Commission must specify "in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." 28 U.S.C.A. § 994(u).

In accordance with this statutory authority, the Sentencing Commission on April 30, 2014 promulgated Amendment 782, which revises downward the offense levels associated with various quantities of drugs under the drug equivalency tables in §2D1.1 and §2D1.11 of the Sentencing Guidelines. The Commission further specified that the sentence reduction would apply retroactively to defendants previously sentenced for the relevant drug offenses. However, a sentence reduction is not available if the amendment does not result in lowering the applicable sentencing range for the defendant. *See* U.S. SENTENCING GUIDELINE MANUAL § 1B1.10 (a)(2)(B) (2014) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.").

For this reason, Defendant's sentence cannot be reduced despite Amendment 782's revision of the drug quantity tables. The presentence investigation report reflects that Defendant pled guilty to supervising a shipment of 1,145 kilograms of cocaine. (Dkt. # 309, at 10.) Under

the version of the guidelines in effect at the time of Defendant's sentencing, the maximum base offense level of 38 was applicable to trafficking anything over 150 kilograms of cocaine. *See* U.S. SENTENCING GUIDELINE MANUAL § 2D1.1 (2002), *available at* http://www.ussc.gov/sites/default/files/pdf/guidelines-manual/2002/manual/CHAP2-2.pdf. Amendment 782 has since increased that threshold to 450 kilograms. *See* U.S. SENTENCING GUIDELINE MANUAL § 2D1.1 (2014). Because Defendant was responsible for a greater quantity of cocaine than the new upper limit of 450 kilograms, his base offense level if sentenced today would still be the maximum level of 38. As such, the revision to the drug quantity tables does not lower Defendant's guideline range, and he is not entitled to a sentence reduction. Defendant's motion for disposition and his motion for an order directing the government to furnish a response are therefore moot.

## CONCLUSION

For the reasons set forth above, Defendant's motion for modification or reduction of sentence [504] is denied. Defendant's motion for disposition [516] and motion for an order directing the government to provide a response [517] are dismissed as moot.

**SO ORDERED.**                                    **ENTERED:   April 24, 2015**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**